IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.　　　　　　　　　　　　　　　　　　　　　14-CR-228-RJA

ANTHONY THOMPSON,

　　　　Defendant.

---

## PLEA AGREEMENT

The defendant, ANTHONY THOMPSON, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.　　THE PLEA AND POSSIBLE SENTENCE

1.　　The defendant agrees to plead guilty to Count 3 of the Superseding Indictment which charges a violation of Title 18, United States Code, Sections 1591(a)(1) and 1591(b)(2) as a lesser included offense (Sex Trafficking of a Minor), for which the mandatory minimum term of imprisonment is 10 years and the maximum possible sentence is a term of imprisonment of life, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

1

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

3. The defendant understands, and the parties agree, that the Court must require restitution in an amount not to exceed a total of $400,000 be paid to Victim 1, Victim 2 and Victim 3 as part of the sentence pursuant to Sentencing Guideline § 5E1.1 and Title 18, United States Code, Section 3663A.

4. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant is advised the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student,

among other information. The defendant further is advised that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant is advised that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

## II.   ELEMENTS AND FACTUAL BASIS

5.   The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. The defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained a person;

   b. The defendant knew, or acted in reckless disregard of the fact, that the person would be caused to engage in a commercial sex act;

   c. The defendant knew, or acted in regardless disregard of the fact, that the person engaging in the commercial sex act was under the age of 18; and

   d. The defendant's act of recruiting, enticing, harboring, transporting, providing, obtaining and maintaining was in or affecting interstate commerce.

## FACTUAL BASIS

5. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. Beginning in or about November 2012, and continuing through in or about September 2014, in the Western District of New York and elsewhere, the defendant, ANTHONY THOMPSON engaged in sex trafficking and the interstate transportation of individuals to engage in prostitution.

   b. As part of the criminal activity, the defendant, recruited and enticed several individuals, including Victims 1, 2, and 3 (collectively referenced herein as "victims") referenced in the Superseding Indictment to engage in commercial sex acts. The victims engaged in commercial sex acts at the defendant's direction. The defendant received all the money earned from the commercial sex acts by the victims.

   c. As part of the criminal activity, the defendant advertised the availability of the victims, including Victim 3 for commercial acts on social media including "Backpage.com". On other occasions, the defendant required that some victims, "walk the streets" in order to attract customers for commercial sex.

   d. The defendant knew Victim 3 had not attained the age of 18 when the defendant enticed and maintained Victim 3 for purposes of commercial sex acts during the period of March 2014 through May 14, 2014.

## III. SENTENCING GUIDELINES

7. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

8. The government and the defendant agree that Guidelines Section §2G1.3(a)(2) applies to the offense of conviction and has a base offense level of **30**.

4

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

9. The government and the defendant agree that the following specific offense characteristics do apply:

    a. § 2G1.3(b)(2)(B) in that the defendant unduly influenced a minor to engage in prohibited sexual conduct. Thus, there is a two level increase;

    b. § 2G1.3(b)(3)(B) in that the offense involved the use of a computer to entice, encourage, offer or solicit a person to engage in prohibited sexual conduct with a minor. Thus, there is a two level increase; and

    c. § 2G1.3(b)(4)(A) in that the offense involved the commission of a sex act. Thus, there is a two level increase.

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

10. The government and the defendant agree that the following adjustment to the base offense level does apply:

    a. The 2 level upward adjustment of Guidelines § 3C1.1 (obstruction of justice).

## ADJUSTED OFFENSE LEVEL

11. Based on the foregoing, the government and the defendant agree that the defendant's combined adjusted offense level is **38**.

## ACCEPTANCE OF RESPONSIBILITY

12. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a)

5

(acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **35**.

## CRIMINAL HISTORY CATEGORY

13. It is the understanding of the government and the defendant that the defendant's criminal history category is II. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

14. It is the understanding of the government and the defendant that, with a total offense level of **35** and criminal history category of **II**, the defendant's sentencing range would be a term of imprisonment of 188 to 235 months, a fine of $40,000 to $250,000, and a period of supervised release of 5 years to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

15. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines ranges set forth above and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure,

or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

16. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

17. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to sex trafficking and interstate transportation to engage in commercial sex acts which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

18. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment; and

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

19. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

20. At sentencing the government will move to dismiss the open counts of the Superseding Indictment.

## VI. APPEAL RIGHTS

21. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant,

8

however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 14, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence. The defendant waives the right to appeal a restitution order which does not exceed the amount set forth in Section I, ¶ 3, above.

22. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

23. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 14, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. TOTAL AGREEMENT AND AFFIRMATIONS

24. This plea agreement represents the total agreement between the defendant, ANTHONY THOMPSON, and the government. There are no promises made by anyone

other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.<br>
United States Attorney<br>
Western District of New York

BY: _____
MARIE P. GRISANTI
Assistant United States Attorney

Dated: April 7, 2016

I have read this agreement, which consists of 10 pages. I have had a full opportunity to discuss this agreement with my attorney, JEREMY D. SCHWARTZ, ESQ. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____   _____
ANTHONY THOMPSON                 JEREMY D. SCHWARTZ, Esq.
Defendant                        Attorney for the Defendant

Dated: April 7, 2016             Dated: April 7, 2016